No. 13-35038

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

GORDON B. MORGAN and JEREMY DE LA GARZA,
*Objectors-Appellants,*

ANGELO DENNINGS, *et al.*, on behalf of himself and
all others similarly situated;
*Plaintiff-Appellees*,

v.

CLEARWIRE CORPORATION,
*Defendants-Appellee*.

On Appeal from the United States District Court
for the Western District of Washington. Case No. 2:10-cv-1859-JLR

Appellants' Opposition to Motion for Summary Affirmance
and Cross-Motion for Sanctions

Christopher A. Bandas
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
(361) 698-5200 Telephone
(361) 698-5222 Facsimile
*Attorneys for Class Members*
*Gordon Morgan and Jeremy de la Garza*

## Introduction

Plaintiffs' motion for summary affirmance is both substantively and procedurally frivolous. As will be demonstrated below, not only are the questions here "[]substantial," but they require reversal of the erroneous settlement approval. Furthermore, plaintiffs' motion is premature: "motions to affirm should be made only *after the appellant's brief is on file* and only where… the insubstantiality of the questions raised on appeal is clearly ascertainable from an examination of the record and the opening brief." *Page v. United States*, 356 F.2d 337, 339 n.1 (9th Cir. 1966) (emphasis added). Sanctions are in order for failing to alert the Court to binding Ninth Circuit's precedent requiring this premature motion's denial, and for forcing appellants to brief the merits of the case on short notice months in advance. 28 U.S.C. § 1927 (barring vexatious multiplication of the proceedings); *e.g.*, *Top Entm't, Inc. v. Torrejon*, 351 F.3d 531, 534 (1st Cir. 2003) (sanctioning plaintiffs for meritless motion to dismiss appeal).

## Background

This settlement has garnered national attention for its unfairness. As class action expert Ted Frank wrote about this case in his blog,

> Three class actions against Internet provider Clearwire (who market their services as "Clear") allege that customers faced undisclosed throttling of Internet speeds. Under a settlement of the pending actions, the attorneys, led by Milberg, will ask for $2 million, to be divvied up among several law firms by Milberg (itself a problematic settlement provision). But Clearwire won't be systematically refunding its customers; class members have to fill out a claim form. Class members who are current customers will get credits on their account after filling out a claim form. Under

> some generous assumptions (say, 1.3 million current customers with a 2% claims rate and an average claim of $50 that gets entirely used, and 1 million former customers with a 0.5% claim rate and an average claim of $50), Clearwire will settle for about $3.25 million, and the attorneys will get 60% of that. It's almost certain that class recovery will not reach the $6 million figure to justify a $2 million fee under the Ninth Circuit's 25% benchmark rule. Add to that clear sailing and the "kicker," and you have all three Bluetooth elements arguing against settlement approval. Over a million dollars that should be going to class members will instead be going to attorneys.
>
> District courts inconsistently protect class members' rights in claims-made settlements; class counsel frequently implausibly argue, much as in the bad old days of coupon settlements, that courts should value the settlement as if every single class member submitted a claim form and got paid, thus treating a claims-made settlement, where claims rates are usually in the 1% range, like one where the defendant actually takes the initiative to pay every single class member, and permitting outsized fees. Once this happens, class counsel is happy to agree to restrictions on the claims process that throttle down the number of payments that class members will receive, because their fees are based on the denominator rather than the numerator. (Especially ironic in a case like this, where the underlying allegation is that the defendant unfairly throttled service speeds.) Even if a judge were inclined to want to consider the amounts the class was actually paid, settlements usually (as this one does) schedule the end of the claims period to be weeks after the fairness hearing, thus permitting the parties to hide the ball as to what class members actually receive.

Ted Frank, "Dennings v. Clearwire Corporation class action settlement," Point of Law blog (Oct. 17, 2012). While the parties fixed the "kicker" problem, the other two *Bluetooth* problems remained. Appellants Gordon Morgan and Jeremy de la Garza ("Morgan") objected. At the fairness hearing, class counsel refused to disclose the number of claims made, yet the district court approved the settlement over Morgan's objection that it needed to wait until the claims period was over

2

before doing so. While the court withheld adjudication of the fee question, that doesn't change the fact that the plaintiffs agreed to a "claims process that throttle[d] down the number of payments that class members will receive," and the court made its approval decision without learning the degree to which class counsel self-dealt.[1] Indeed, class counsel has filed multiple stipulations in the district court delaying the day of reckoning of disclosure how little the class will receive in this settlement. Docket Nos. 104, 106. Class counsel is evidently hoping that Morgan will not be able to disclose to this Court how the facts ultimately demonstrate how unfair this settlement is.

## I. This Appeal Is Meritorious.

Morgan objected to a settlement and appeals a settlement approval that runs afoul of three precedents in the Third, Fifth, and Ninth Circuits on two separate and independent grounds. Despite these independent reasons for reversal under which Morgan will eventually prevail, plaintiffs assert that "it is manifest that the questions on which the decision in the appeal depends are so insubstantial as not to justify further proceedings."

### A. Both *Bluetooth* and *Baby Products* Require Reversal.

Plaintiffs' brief sanctionably fails to even mention the dispositive Third Circuit case that is directly on point! *In re Baby Products Antitrust Litigation*, Nos. 12-1165, -1166, -1167 (3d Cir. Feb. 19, 2013). As in the joke about the attorney who can neither pound the facts nor the law, class counsel spends time pounding

---

[1] Indeed, if the Court does, as Morgan expects, reduce the fees as disproportionate and shift some benefit to the class,

3

the table and bad-mouthing Morgan's counsel. Yet Morgan's counsel has won multiple appeals—including *Baby Products* itself, and including this Court's decision in *Dennis v. Kellogg*, 697 F.3d 858 (9th Cir. 2012), putting the lie to the accusation that his objections are in bad faith. Plaintiffs' attempt to slur Morgan's counsel runs afoul of binding precedent in this Court that individual cases are judged on the merits, not on the litigation history of the litigants. *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175 (9th Cir. 2010). That Morgan's counsel wins multiple appeals of erroneous approvals of class action settlements is no reason to hold against him here.

*Baby Products Antitrust Litigation*, Nos. 12-1165, -1166, -1167 (3d Cir. Feb. 19, 2013), holds that it is reversible error for court to adjudicate settlement fairness without determining actual recovery of class from a claims process that was objected to as unfairly restricting class recovery—exactly the legal error committed by the Court here. Ninth Circuit precedent implies that this is the correct result. *In re Bluetooth Headset Prod. Liab. Lit.*, 654 F.3d 935, 944 (9th Cir. 2011) (criticizing failure of district court to calculate "value of benefits to the class" before approving settlement; vacating and remanding for findings); *id.* at 945 (a district court must have before it the data to make "necessary calculations" to calculate the "benefit obtained for the class").[2]

---

[2] Plaintiffs argue that *Bluetooth* doesn't apply at all because that was a $0 cash settlement. Motion 15. Nothing in *Bluetooth* restricts its holding that the value of the benefits to the class is critical in assessing settlement fairness to cases where class members don't receive cash. Ninth Circuit published opinions set precedents of general applicability. *See, e.g.,* Alex Kozinski & Steven Reinhardt, "Please

4

Perhaps this Court will hold that the amount that the class receives is irrelevant, despite Third Circuit precedent to the contrary that plaintiffs do not even attempt to distinguish; perhaps this Court will hold that *Bluetooth* only applies to settlements involving phone headsets and is thus inapplicable to settlements involving Internet service. But such holdings are positively unlikely, as opposed to "manifest" on the record. The Ninth Circuit creates a circuit split "only after the most painstaking inquiry." *Zimmerman v. Oregon Dep't. of Justice*, 170 F.3d 1169, 1184 (9th Cir. 1999). The fact that such painstaking inquiry is required here before affirmance is even possible is more than enough to show that summary affirmance is inappropriate here.

### B. *High Sulfur* Requires Reversal.

The settlement illegally divests the district court of its responsibility to determine attorneys' fees. *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220 (5th Cir. 2008). Plaintiffs argue that the Ninth Circuit should create a circuit split with the Fifth Circuit, but plaintiffs can find no appellate court that agrees with them. Plaintiffs' only authority for disregarding the Fifth Circuit precedent is to note that several district courts have issued conclusory orders without any legal reasoning—indeed without even mentioning *High Sulfur*. Motion 15-17. Perhaps the Ninth Circuit will do so here, but the question is hardly one where the answer is "manifest" given the contrary Fifth Circuit precedent.

---

Don't Cite This," *California Lawyer* (June 2000) ("We write opinions that announce new rules of law or extensions of existing rules.").

Plaintiffs argue that the real problem in *High Sulfur* was that the Rule 23(h) allocation was made in an *ex parte* proceeding. That hardly saves the illegal distribution here: the allocation in this case is made in an *out of court* backroom agreement without *any* judicial involvement. That the plaintiffs assert that there is no dispute amongst the class counsel who will get the money is irrelevant. If one of the law firms has secretly agreed to accept less than lodestar or a smaller multiplier, it is the class that is entitled to that giveback, not Milberg. *Cf. also* Fed. R. Civ. Proc. 23(e)(3) (forbidding secret side agreements in class action settlements). Rule 23(h) and this circuit's precedents explicitly requires a court to make the distribution. *E.g.*, *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323 (9th Cir. 1999) (fee award is to be determined by a district court, not by the agreement of the parties). *High Sulfur* is correct and requires reversal here.

Plaintiffs waste a lot of time on the question of quickpay clauses. The district court made a factual finding that the settlement did not contain a quickpay clause, and Morgan is not raising that discretionary finding on appeal. But Morgan does not have to: *Bluetooth*, *Baby Products*, and *High Sulfur* all require reversal because of the district court's errors of law.

Not only is summary affirmance inappropriate, but *any* affirmance would require this Court to create multiple circuit splits: the correct result will be reversal. On the substantive legal merits alone, class counsel's motion is frivolous.

## II. Plaintiffs' Procedurally Premature Motion Violates 28 U.S.C. § 1927 and Merits Sanctions.

Plaintiffs' motion is not only substantively frivolous, but procedurally frivolous. Motions for summary affirmance "should be made only *after the appellant's brief is on file* and only where… the insubstantiality of the questions raised on appeal is clearly ascertainable from an examination of the record and the opening brief." *Page v. United States*, 356 F.2d 337, 339 n.1 (9th Cir. 1966) (emphasis added). Sanctions are in order for failing to alert the Court to binding Ninth Circuit's precedent requiring this premature motion's denial, and for forcing appellants to brief the merits of the case on short notice months in advance. 28 U.S.C. § 1927 (barring vexatious multiplication of the proceedings); *e.g.*, *Top Entm't, Inc. v. Torrejon*, 351 F.3d 531, 534 (1st Cir. 2003) (sanctioning plaintiffs for meritless motion to dismiss appeal).

Ironically, though plaintiffs purport to be interested in preventing delay, their motion stays the briefing schedule and causes more delay. The real purpose of the motion is to impose additional costs on Morgan's counsel to punish him for exposing the unfairness of this settlement—something class counsel is desperately trying to hide by moving to dismiss this appeal before it files the relevant disclosure showing how badly it sold out the class.

## CONCLUSION

Plaintiffs fail to identify any appellate precedent to suggest that this Court should disregard *Baby Products*, *Bluetooth*, and *High Sulfur*; indeed, they fail to

7

even mention, much less distinguish, *Baby Products*. Once this appeal proceeds to the merits, it will result in reversal on one or both of two separate and independent meritorious grounds. Morgan is not seeking "delay": he is seeking the victory to which he is legally entitled, and which his counsel has previously won in the Third and Ninth Circuits in similarly abusive settlements that rewarded class counsel at the expense of class members. The motion for summary affirmance is substantively frivolous, and by itself merits sanctions.

The motion should also be denied for the independent reason that it is procedurally premature. Plaintiffs fail to cite the binding Ninth Circuit authority requiring denial here. The procedural frivolousness is a separate grounds for sanctions. Class counsel has wasted Morgan's time and the court's time with this motion, and sanctions are appropriate under 28 U.S.C. § 1927.

Dated: March 8, 2013                                                Respectfully submitted,


By:         */s/ Christopher A. Bandas*
Christopher A. Bandas
BANDAS LAW FIRM, P.C.
500 North Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78401-0353
(361) 698-5200 Telephone
(361) 698-5222 Facsimile
*Attorneys for Class Members*
*Gordon Morgan and Jeremy de la Garza*

8

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 8, 2013.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that I served the following participants in the case that are not registered CM/ECF users by first-class mail, postage prepaid.

Joshua Keller
MILBERG LLP
48th Floor
One Pennsylvania Plaza
New York, NY 10019-0165

Robert Prior
2016 E. 6th Street
Vancouver, WA 98661

                                    */s/ Christopher A. Bandas*
                                       Christopher A. Bandas