No. 13-35038

# United States Court of Appeals for the Ninth Circuit

GORDON B. MORGAN and JEREMY DE LA GARZA,

*Objectors – Appellants*,

ANGELO DENNINGS, *et al.*, on behalf of himself and all others similarly situated;

*Plaintiffs – Appellees*,

— v. —

CLEARWIRE CORPORATION,

*Defendant – Appellee*.

Appeal from United States District Court for the
Western District of Washington, Case No. C10-1859 JLR
The Honorable James L. Robart

**PLAINTIFFS-APPELLEES' REPLY TO APPELLANTS' OPPOSITION TO PLAINTIFF-APPELLEES' MOTION FOR SUMMARY AFFIRMANCE, AND RESPONSE TO APPELLANTS' CROSS-MOTION FOR SANCTIONS**

Clifford A. Cantor
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
(425) 868-7813

Jonathan K. Tycko
TYCKO & ZAVAREEI LLP
2000 L St., N.W. Ste. 808
Washington, D.C. 20036
(202) 973-0900

Counsel for Plaintiffs – Appellees
(other Class Counsel listed on signature page)

## Table of Contents

INTRODUCTION ......................................................................................................1

LEGAL ANALYSIS ................................................................................................3

    I.    Granting Summary Affirmance Now Would Not Be Premature..................3

    II.   Appellants Offer No Valid Factual or Legal Basis to Deny the Motion for Summary Affirmance................................................................................4

        A.  Bluetooth Does not Save Appellants from Summary Affirmance .............. 5

        B.  Baby Products Is Not Applicable ...................................................... 8

        C.  High Sulfur is Inapposite ................................................................... 9

    III.  The Court Should Deny Appellants' Cross-Motion For Sanctions ............10

CONCLUSION .....................................................................................................10

## Table of Authorities

## Cases

*Antoninetti v. Chipotle Mexican Grill, Inc.*,
 643 F.3d 1165 (9th Cir. 2010) ....................................................................... 2

*In re Bluetooth Headset Products Liability Litig.*,
 654 F.3d 935 (9th Cir. 2011) ...................................................................... 4-8

*In re Baby Products Antitrust Litig.*,
 2013 WL 599662 (3rd Cir. 2013) ....................................................... 2, 4, 8-9

*In re High Sulfur Content Gasoline Prod's Liab. Litig.*,
 517 F.3d 220 (5th Cir. 2008) ...................................................................... 4, 9

*Page v. United States*,
 356 F.2d 337 (9th Cir. 1966) ......................................................................... 3

*Zucker v. Occidental Petroleum Corp.*,
 192 F.3d 1323 (9th Cir. 1999) ..................................................................... 10

## Statutes & Rules

28 U.S.C. § 1927 ............................................................................................... 10

Ninth Circuit Rule 3-6 ......................................................................................... 3

## INTRODUCTION

Appellants' Response fails to effectively rebut the overwhelming evidence and case law supporting Plaintiffs-Appellees' motion for summary affirmance ("Motion"). The Court should grant the Motion, either now or after Appellants file their opening brief, as there is no doubt that Appellants' objections to the Settlement are without merit.

In a recent order granting Plaintiffs' motion for an appeal bond, the district court reiterated that it had "examined and overruled Mr. Morgan and Mr. De La Garza's objections to the settlement at the final approval hearing, finding them to be without merit." *See* Ex. 18 at 3:13-15 (Mar. 11, 2013 Order), Dkt. No. 117.[1] In that same order, the district court found that evidence of Appellants' bad faith in this litigation favored imposing an appeal bond, stating that Plaintiffs "presented evidence that Mr. Morgan and Mr. De La Garza had vexatious intent in filing their notice of appeal, and Mr. Morgan and Mr. De La Garza have done nothing to rebut or dispute this evidence." *Id*. at 3:12-4:3.

As outlined in the Motion, this is part of a pattern by Appellant's counsel of interfering with class settlements not for the benefit of the class but for his own personal gain. *See* Motion at 1-2, 18-19. Appellants' counsel has repeatedly been chastised by the judiciary for canned objections that provide no benefit to the class

---

[1] This docket entry number refers to the docket in *Dennings v. Clearwire Corp.*, No. C10-1859 JLR (W.D. Wash.).

action process.  Emphasizing two appeals that Appellants' counsel has "won,"[2] Appellants ask this Court to ignore their serial objector litigation history.[3]  Based on the merits alone, however, summary affirmance should be granted.

Appellants assert that the Settlement "runs afoul of three precedents in the Third, Firth, and Ninth Circuits on two separate and independent grounds," Response at 3; namely, that (1) the district court did not have final claims data before it at the time of final approval; and (2) the Settlement does not specify exactly how any fee award granted by the district court will be distributed among class counsel.  But in so arguing, Appellants misconstrue and misapply the law, and then brazenly suggest that this Court should sanction Appellees for attempting to streamline this appeal.

---

[2]  Counsel's grandstanding brings to mind the old adage that even a broken clock is right twice a day.  Indeed, though Mr. Bandas was listed as counsel for one of the appellants in *In re Baby Products Antitrust Litig.*, 2013 WL 599662 (3d Cir. 2013), his client did not even file an appellate brief in that case.  *Id*. at *1 n.3.

[3]  Appellants write that individual cases are judged on the merits and not on the litigation history of the litigants, citing *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165 (9th Cir. 2010).  Response at 4.  *Antoninetti* cautions courts to "tread carefully before construing a Disability Act plaintiff's history of litigation against him," noting that "for the Disabilities Act to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation."  *Antoninetti*, 643 F.3d at 1175.  Professional objectors like Appellants, however, are not properly compared to disabled individuals, who must fight for their rights without the benefit of automatic court oversight that the district court demonstrated here.

## LEGAL ANALYSIS

### I. Granting Summary Affirmance Now Would Not Be Premature

Ninth Circuit Rule 3-6 expressly allows this Court to summarily dispose of an appeal at "any time prior to the completion of briefing." Appellants, citing this Court's dicta in *Page v. United States*, 356 F.2d 337, 339 n.1 (9th Cir. 1966), nevertheless assert that Plaintiffs' Motion was premature and thus sanctionable. However, *Page* was decided nearly 30 years before the Ninth Circuit adopted Rule 3-6, which on its face provides this Court with the authority to grant Appellees' Motion at "any time."

Moreover, summary affirmance is particularly appropriate here given that Appellants' objections below, to which they are limited on appeal, are easily demonstrated to be meritless. For efficiency's sake, if summary affirmance *can* be decided now, it should be. Appellees' Motion does not in any way stay the normal briefing schedule as Appellants incorrectly contend. *See* Response at 7.

Appellees intentionally did not request a stay so as not to delay the appellate process should this Court wish to review Appellants' opening brief prior to deciding Appellees' Motion. Given the non-meritorious nature of Appellants' objections below and the evidence in the record suggesting that these objections were made in bad faith, Appellees' Motion ensures that the Court has before it a means to stop Appellants' improper conduct as soon as possible.

## II. Appellants Offer No Valid Factual or Legal Basis to Deny the Motion for Summary Affirmance

Appellants' devote a significant portion of their Response to a block quote from an internet blog post by Ted Frank, who cites to the Settlement in arguing that district courts should not be permitted to treat claims-made settlements the same as settlements requiring payment to all class members. That distinction, however, finds no support in Ninth Circuit law, and Appellants certainly have not pointed to any Ninth Circuit support either in the district court or here.

Appellants present no legal authority or evidence that would warrant denying summary affirmance. Rather, Appellants' misapply this Court's holding in *In re Bluetooth Headset Products Liability Litig.*, 654 F.3d 935 (9th Cir. 2011) and mischaracterize the Third Circuit holding in *In re Baby Products Antitrust Litig.*, 2013 WL 599662 (3d Cir. 2013) in arguing that the district court committed reversible error by not having final claims data before it at the time of final approval. Appellants likewise misapply the Fifth Circuit's holding in *In re High Sulfur Content Gasoline Prod's Liab. Litig.*, 517 F.3d 220 (5th Cir. 2008), in asserting that the district court neglected its responsibility to determine attorneys' fees—which the district court has not even done yet and thus is not a subject of this appeal. None of these cases require reversal of the district court's decision that granted final approval of the Settlement and deferred ruling on attorneys' fees until

- 4 -

the claims submission period is closed. This Court will not, as Appellants suggest, create a circuit split by summarily affirming the final approval order.

### A. *Bluetooth Does not Save Appellants from Summary Affirmance*

Ignoring the claims data provided in the proceedings below, Appellants accuse Plaintiffs of having "refused to disclose the number of claims made" at the fairness hearing and attempting to hide the likely amount of recovery by the class. Response at 2. To the contrary, declarations filed with the district court claims data available at the time. For example, as of November 4, 2012, class members had submitted 72,488 claims. *See* Keough Decl. ¶ 20 (Dkt. 4-5).[4] As of December 9, 2012, an additional 6,578 timely claims had been made, for a total of 79,066. Suppl. Keough Decl. ¶ 22 (Dkt. 4-6). These represented claims rates of 2.65% and 2.89%, respectively. Suppl. Cantor Decl. ¶¶ 8-9 (Dkt. 4-8). Based on this data, class counsel estimated that by the deadline for submitting and/or postmarking claims, the claims rate would reach 3% (three times what Appellants hypothesized in their objections below). *Id.* at ¶ 10. The district court had this information at the time of final approval on December 19, 2012.[5]

---

[4] Plaintiffs-Appellees filed these portions of the district court's record with their Motion for Summary Affirmance. These docket numbers refer to the ECF docket entries in this Court.

[5] Appellees again note, however, that the district court has not approved a final fee award, although substantial briefing has already been submitted below describing in detail the work class counsel performed, along with a calculation of

That final claims-processing data was not available at the time the district court approved the Settlement is of no consequence here. The Settlement provides significant monetary relief both to former Clearwire subscribers through a claims process and to present Clearwire subscribers through waived ETFs that otherwise would have been chargeable to class members. In addition, it provides important programmatic relief relating to future Clearwire ETF practices and future advertising that is non-quantifiable. Counsel Decl. ¶¶ 8-9 (Dkt. 4-16); Suppl. Cantor Decl. ¶ 12 (Dkt. 4-8).

Neither Rule 23(e) nor *Bluetooth* requires a district court to withhold final approval until the total amount of class recovery is known with certainty. Contrary to Appellants' suggestion, *see* Response at 4-5, *Bluetooth* did not adopt a formulaic approach for approval of a class action settlement, but rather cautioned district courts to watch out for settlements that are a product of collusion and identified certain warning signs present in the context of that case. *See* 654 F.3d at 946-47.

Plaintiffs presented ample evidence to the district court this Settlement was not the product of collusion. *See e.g.*, Counsel Decl. at ¶¶ 13, 30-33, 39, 106-107 (Dkt. 4-16); Suppl. Cantor Decl. at ¶ 5 (Dkt. 4-8). The district court, in the final approval order, found none. Settlement Order at 2:27 (Dkt. 4-2) ("The Court . . .

---

lodestar and expenses related to this litigation for each firm. *See* Dkt. 4-17. This will be updated with additional fees and costs, including related to this appeal, prior to final approval of a fee award.

- 6 -

finds the Settlement is, in all respects, fair, reasonable, and adequate . . ., and the result of extensive arm's length negotiations with the guidance of an experienced mediator."). Appellants nevertheless continue to argue incorrectly that the Settlement must be rejected under *Bluetooth*, Response at 5, which the district court did not accept. *Id*. at 5:4-6 ("The portion of the Morgan and De La Garza objection arguing that the fee request is too high and/or disproportionate and/or collusive is likewise rejected . . .").

Appellants cite *Bluetooth* for the proposition that a district court must "calculate 'value of benefits to the class' before approving settlement," Response at 4 (citing *Bluetooth*, 654 F.3d at 944), but this is not what *Bluetooth* held. *Bluetooth* involved a fee award that comprised 82.5% of the total settlement amount paid by defendants. *Id*. at 945. Unlike the Settlement at issue here, the *Bluetooth* settlement included zero monetary relief for class members. 654 F.3d at 939-40. In addition, the *Bluetooth* settlement's injunctive relief was of questionable value given that it appeared to have been voluntarily implemented by defendants prior to final agreement on the settlement. *Id*. at 945 n.8.

The Ninth Circuit questioned such an extremely disproportionate fee award. *Bluetooth*, 654 F.3d at 945. Because the district court had not provided "any explanation" to justify such a disproportionate award and because other provisions

- 7 -

of the settlement signaled the possibility of collusion, the Ninth Circuit remanded for further consideration and explanation. *Id*. at 943-46.

By contrast, here, the district court has not yet ruled on fees, so fees are not the subject of this appeal. And no matter how the district court rules on fees, any amount not awarded to class counsel will be used to increase proportionally the payments to Eligible Claimants. *See* Waiver (Dkt. 4-4). Moreover, even if counsel is awarded the $2 million maximum available under the Settlement, such an award would be eminently reasonable under both the lodestar and percentage-of-recovery method. First, class counsel's fee request is *significantly* less than the Ninth Circuit's 25% benchmark for common-benefit awards. *See* Counsel Decl. ¶¶ 50, 131 (Dkt. 4-16). Second, class counsel's fee will almost certainly be less than their ordinary billings for this contingent-fee case. *See id*. at ¶¶ 124-25.

Consequently, unlike in *Bluetooth*, the Settlement is plainly not a product of collusion. There is absolutely no evidence that class counsel has engaged in self-dealing to the detriment of the class.

### B. *Baby Products Is Not Applicable*

Nor is *Baby Products* on point. Appellants argue that this Court should interpret the Third Circuit decision in *Baby Products* as requiring district courts to determine the actual recovery of a class before adjudicating settlement fairness, but *Baby Products* dealt with *cy pres* distributions in class action settlements, which

- 8 -

are not at issue here. *Baby Products*, 2013 WL 599662, *1. Cautioning that direct distributions to class members are preferred over *cy pres* distributions, *id*. at *4, the Third Circuit added an inquiry into the "degree of direct benefit provided to the class" when a district court is assessing a settlement containing a *cy pres* provision. *Id*. at *5. Although the Third Circuit stated in dicta that this "*may* also require a court to withhold final approval of a settlement until the actual distribution of funds can be estimated with reasonable accuracy," it did not require this even in the context of settlements with *cy pres* awards. *Id*. at **5-6 (emphasis added).

Under Ninth Circuit law, the district court adequately fulfilled its oversight role in approving this Settlement. Even under the Third Circuit's recent *Baby Products* decision, the district court still adequately fulfilled its oversight role. The district court correctly determined that Appellants' objection lacked merit for a variety of reasons, not the least of which was the circumstances under which Appellants made their objection; and Appellants point to no reason that this decision was an abuse of discretion warranting reversal.

### C. *High Sulfur is Inapposite*

*High Sulfur* also does not weigh against summary affirmance here. Appellants wrongly contend: "The settlement illegally divests the district court of its responsibility to determine attorneys' fees." Response at 5 (citing *High Sulfur*). But that is a blatant distortion of the holding in *High Sulfur*. *See* Motion at 16 n.4.

While Appellees do not dispute that Rule 23(h) requires a Court to review a fee award for fairness and reasonableness, this rule does not require the district court to micromanage the distribution of this award among class counsel to the degree Appellants suggest. Appellants' argument has no support in any case law or common practice within the Ninth Circuit.

The only Ninth Circuit case that Appellants cite in this section of their argument is *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323 (9th Cir. 1999). Response at 6. This too is a mis-cite. *Zucker* involved a question of standing and held only that a district court has the "authority and duty to pass upon the fairness of the attorneys' fees" in a class action settlement independent of any objection. *Id.* at 1329. *Zucker* does not support Appellants' incorrect argument here.

### III. The Court Should Deny Appellants' Cross-Motion For Sanctions

Appellants move for sanctions, arguing that Plaintiffs engaged in "vexatious" litigation under 28 U.S.C. § 1927 by moving for summary affirmance prior to the filing of Appellants' opening brief. The merits of that argument are addressed above in Part I. *See supra* at 3. No basis exists to sanction Plaintiffs.

### CONCLUSION

For the reasons stated herein, the Court should grant Plaintiffs-Appellees' motion for summary affirmance and deny Appellants' cross-motion for sanctions.

Dated:  March 18, 2013                    Respectfully Submitted,

s/ *Cliff Cantor*
One of Counsel for Plaintiffs-Appellants

Other Class Counsel:

LAW OFFICES OF
    CLIFFORD A. CANTOR, P.C.
Cliff Cantor, WSBA # 17893
627 208th Ave. SE
Sammamish, WA 98074
Tel: (425) 868-7813
Fax: (425) 732-3752
cliff.cantor@comcast.net

MILBERG LLP
Lori G. Feldman
One Penn Plaza
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
lfedlman@milberg.com

Counsel for plaintiffs[6] in *Dennings*

TYCKO & ZAVAREEI LLP
Jonathan K. Tycko
2000 L St., N.W. Ste. 808
Washington, D.C. 20036
Tel: (202) 973-0900
Fax: (202) 973-0950
jtycko@tzlegal.com

PETERSON WAMPOLD ROSATO
    LUNA KNOPP
Felix Gavi Luna
1501 Fourth Ave., Ste. 2800
Seattle, WA 98101
Tel: (206) 624-6800
Fax: (206) 682-1415
luna@pypfirm.com

Counsel for plaintiffs in *Minnick*

AUDET & PARTNERS, LLP
Michael McShane
221 Main St., Ste. 1460
San Francisco, CA 94105
Tel: (415) 568-2555
Fax: (415) 568.2556
mmcshane@audetlaw.com

Counsel for plaintiffs in *Newton*

---

[6] In this context, "plaintiffs" does not include Mr. Robert Prior, who is *pro se*.

## Certificate of Service

I certify that, on March 18, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit via the CM/ECF system. Participants in the cases who are registered users will be served by the appellate CM/ECF system.

For the following participant, who is not known to be a registered CM/ECF user, I certify that, on March 18, 2013, I mailed the foregoing by first class mail, postage prepaid:

>Mr. Robert Prior
>2016 E. 6th St.
>Vancouver WA 98661

s/ *Cliff Cantor*, WSBA # 17893